**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No:** _____

AARON BORNFLETH, and
CASEY BORNFLETH,

      Plaintiffs,

                              DEMAND FOR JURY TRIAL

      v.

POLARIS INDUSTRIES, INC.,

      Defendant.

---

## COMPLAINT FOR DAMAGES

---

COME NOW Plaintiffs Aaron Bornfleth and his wife, Casey Bornfleth, through counsel, and for this Complaint against Defendant Polaris Industries, Inc., allege as follows:

### I.      PARTIES

1.      At all times relevant hereto, Plaintiffs Aaron Bornfleth and Casey Bornfleth (collectively "Plaintiffs") are citizens of the State of Florida.

2.      Plaintiffs have information and belief and alleges that defendant Polaris Industries, Inc. ("Polaris") is a Delaware Corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota 55340-9770. Its agent for service of process is The Corporation Trust Company, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

3.      Defendant Polaris designs, manufactures, markets and sells all-terrain vehicles ("ATV's"), utility terrain vehicles ("UTV's"), snowmobiles and other motorized vehicles, including the 2019 Polaris RZR XP 4 Turbo UTV, bearing VIN No. 3NSVPL926KF581062 (hereinafter referred to as the "Subject UTV").

## II.     JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on complete diversity of citizenship between Plaintiffs and Polaris.

5.      Plaintiffs are citizens of the State of Florida. Polaris is a corporation incorporated under the laws of Minnesota, and has its principal place of business in Medina, Minnesota. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper as all or a substantial part of the events or omissions giving rise to the claims occurred in the District of Colorado. Specifically, the incident made the basis of Plaintiffs' claims occurred in Teller County, Colorado.

## III.     STATEMENT OF FACTS

7.      On May 29, 2023, Plaintiff Aaron Bornfleth, while on a family vacation, was operating the Subject UTV on a trail located in Hatchett Gulch, Teller County, Colorado. His wife,

 

daughter, and family friend were occupants in the Subject UTV on this occasion. All were using all available safety equipment.

8.      While navigating a rock located in the pathway on the trail, the Subject UTV tipped over on its left side, at which time, Plaintiff's left hand, arm and shoulder came out of the occupant area and were crushed between the Subject UTV and the terrain.



9.      As a result of the Subject UTV's tip over without adequate driver's side protection, Plaintiff, Aaron Bornfleth's left hand, arm and shoulder were crushed, broken,

dislocated and disabled

 

10.    The Subject Vehicle was lifted off Plaintiff and he was ultimately transported by ambulance to a Trauma I Hospital wherein he underwent multiple surgical procedures and physical therapy to repair his mangled hand, arm, and shoulder injuries.

11.    Plaintiff is unable to make a closed fist as his fingers and has limited range of motion in his fingers and permanent nerve damage in his fingers and shoulder. Continued rehabilitation, therapy and potential surgeries are expected in the future. As the owner of a fabrication company customizing promotional products and cabinets for consumers, his business has suffered as a result of his loss of ability to effectively manage the operation.



12. Plaintiff Casey Bornfleth, Aaron's wife of 24 years, has suffered greatly as a result of the trauma which occurred on May 30, 2023. Namely, she deals with her anxiety and depression in connection with caring for her husband and family. Her relationship with her husband has changed with the inability to travel, assist with household and professional responsibilities, and provide usual marital functions in a manner in which he did prior to this event.

 

13 .According to Defendant Polaris's "Rider Training & Basic Maintenance Program" Video, for "Safety Inside the Vehicle" for a Side x Side, (applicable for the Subject UTV),

Defendant instructs users to "Make sure the safety nets are in place at all times." The instructor in the video also cautions that having the occupant area secured is important because "the natural response is to put your hand out, [of the vehicle], like you're falling." Yet, the Defendant failed to provide the safety nets needed to secure the occupant area at the time of sale of the Subject UTV.




14.    As seen in the video, a net or other apparatus is essential in protecting the occupants from a foreseeable event, such as a tip/roll over, where it is "a natural instinct" to put your arm outside of the vehicle. Examples of safety equipment on comparable vehicles are seen as follows:



A shoulder guard would have kept the upper and lower extremities contained within the occupant area, but not incorporated in the Subject UTV.

Further, see examples of alternative designs which include the use of arm guards and a cabin enclosure to protect the Subject UTV's occupants:



Required by Polaris in its "Safety Training Video" are full cabin nets which are easily attached to the structure of the UTV, but not offered as standard equipment by Polaris for the Subject UTV. Such nets were offered by Polaris prior to 2019 but discontinued at the time of sale of the Subject UTV.



15.    Polaris has knowledge of the foreseeability of the propensity of a tip/roll over of its RZR utility vehicles and which causes significant injuries and damage, even death, from the lack of protection it provides to prevent said injuries and death. Instead, unlike its competitors, Polaris chose not to incorporate safety equipment as standard equipment and even discontinued aftermarket sales of nets,

16.    Polaris had knowledge of numerous prior similar incidents of tip/roll over of its RXR utility vehicles which caused significant injuries and damage, even death, from the lack of protection it provides to prevent said injuries and death. Polaris received such knowledge in part by claims made and litigation against it, including but not limited to the following cases:

a.    *Murphy v. Polaris*, Superior Court for the County of San Bernardino, State of California, Case No. CIVDS1624081.

b.    *Flores v. Polaris,* District Court of Nueces County, Texas, 214th Judicial District, Cause No. 2015-DCV-1407-F.

COMPLAINT FOR DAMAGES
-8-

c.    *Cauble v Polaris Industries, Inc.,* U.S.D.C. Southern District California, Case No. 3:17-cv-000658-W-BLM

d.    *Piva v Polaris*, Superior Court for the County of San Diego, North Branch, State of California, Case. Case No. 37-2013-00041883-CU-PL-NC.

e.    *Barry v. Polaris Industries*, U.S.D.C. Western District Pennsylvania, Civil Action No. 2:16-cv-00910-MAK.

f.    *Lima v. Polaris Industries, Inc*., Superior Court for the County of Alameda, State of California, Case No. RG19026152.

g.    *Malashock v. Polaris,* Circuit Court of St. Louis County, Missouri, Twenty-First Judicial District, Case No. 13PL-CC00074, Div. No. 10.

h.    *Pierce v. Polaris Industries, Inc.,* Circuit Court of Douglas County, Missouri, Division One, Case No. 19DG-CC00043.

i.    *Martinez v. Polaris, Inc.,* District Court, Clark County, Nevada, Case No. A-20-823867-C, Dept. 4.

j.    *Moretta v. Polaris Industries, Inc.,* Superior Court for the County of Los Angeles – Spring Street Courthouse, State of California, Case. No. 19STCV28761.

k.    *Ramos v. Polaris Industries, Inc.,* Superior Court for the County of San Diego, North County, State of California, Case No. 37-2020-00040431-CU-PL-NC.

l.    *Karr v. Polaris Industries, Inc.,* Superior Court for the County of San Diego, Hall of Justice, State of California, Case No. 37-2021-00051101-CU-PL-CTL

m.    *Granger v. Polaris Industries, Inc.,* District Court of Jefferson County, Texas, 58th Judicial District, Cause No. A-201962.

n.    *Duarte v. Polaris Industries, Inc.,* Superior Court for the County of San Diego,

Hall of Justice, Case Number 37-2021-00034150-CU-PL-CTL

o.    *Romo v. Polaris Industries, Inc.,* Superior Court for the County of San Bernardino, State of California, Case No. CIV SB 2106848.

p.    *Boulanger v. Polaris, Inc.,* Circuit Court of the Second Circuit, State of Hawaii, Civil No. 2CCV-21-0000001.

q.    *Vieira v. Polaris Industries, Inc.,* Superior Court, JD of Windham at Putnam, State of Connecticut, No.: CV19-6018547S.

r.    *Rustemeyer v. Polaris Industries, Inc.,* Circuit Court of Cole County, Missouri, Case No. 20AC-CC00236,

s.    *Hogan v. Polaris Industries, Inc.,* Circuit Court of the Holmes County, Mississippi, Civil Action File No. 2016-0156.

t.    *Mendoza v. Polaris Industries, Inc.,* Superior Court for the County of Los Angeles, State of California, Case No. 22STCV31967

u.    *Olvera v. Polaris Industries, Inc.,* Superior Court for the County of Fresno, State of California, Case No. 17CECG03825.

v.    *Karghaian v. Polaris Industries, Inc.,* Superior Court for the County of Los Angeles, State of California, Case No. 22STCV22829.

w.    *Castillo de Munoz v. Polaris Industries, Inc.*, Superior Court for the County of San Luis Obispo, State of California, Case No. 22CV-0456.

## IV.    CLAIM FOR STRICT LIABILITY

1.    Plaintiffs hereby incorporate Paragraphs 1-16 as if fully set forth herein.

2.    Due to the defective and unreasonable dangerous condition of the Subject UTV, Plaintiff Aaron Bornfleth suffered serious, permanently disabling injuries.

3.    At all times material to this case, Polaris was engaged in the business of designing, engineering, developing, manufacturing, fabricating, formulating, assembling, equipping, testing, inspecting, producing, constructing, approving, advertising, promoting, marketing, and selling motorsport vehicles like and including the Subject UTV, and/or its component parts, for use by the public in the State of Colorado as well as the entire United States and abroad.

4.    At all times material herein, Defendant designed, engineered, developed, manufactured, fabricated, formulated, assembled, equipped, tested, inspected, produced, constructed, approved, advertised, promoted, marketed, and sold the Subject UTV and/or its component parts, which is the subject matter of this suit, and/or placed it into the stream of commerce.

5.    The Subject UTV was expected to and did reach the Plaintiff for use without substantial alteration in the condition in which it was sold.

6.    Plaintiff Aaron Bornfleth was the type of user reasonably contemplated by Polaris to occupy and/or operate the Subject UTV.

7.    Plaintiff Aaron Bornfleth was using the Subject UTV in the way in which Polaris anticipated it to be used.

8.    Polaris is liable and accountable for the defective and unreasonably dangerous condition of the Subject UTV, taking into consideration the utility of the vehicle and the risks involved in its use.

9.    At the time of the events surrounding this action, there existed safer alternative designs as that term is defined and interpreted pursuant to federal and state law, and industry and regulatory standards.

10.     The Subject UTV was defectively designed in that there was no protective netting, or guards to adequately restrain Plaintiff Aaron Bornfleth in a tip over like the one which occurred in the incident described above.

11.     The Subject UTV was in a defective condition and unreasonably dangerous in that it lacked warnings as to known dangers. Specifically, it lacked warnings of the foreseeable risk of serious injury or death when an occupant/operator extends his/her extremities outside the confines of the occupant zone during a tip over, despite the proper use of all other safety equipment.

12.     The defective and unreasonable dangerous condition of the Subject UTV constitutes a direct and proximate cause of the serious and permanent injuries of Plaintiff Aaron Bornfleth, and the resulting damages sought herein.

13.     Defendant Polaris is strictly liable to Plaintiffs for the injuries and damages set forth herein and to be determined by a struck jury.

## V.     CLAIM FOR NEGLIGENCE

1.     Plaintiffs incorporate all allegations made elsewhere in this Complaint as if set forth verbatim herein.

2.     At all relevant times, Polaris had a duty to exercise reasonable care in the designing, engineering, developing, manufacturing, fabricating, formulating, assembling, equipping, testing, inspecting, producing, constructing, approving, advertising, promoting, marketing, and selling Polaris products such as and including the Subject UTV.

3.     At all relevant times, Polaris had a duty to properly warn users of the risks, dangers, and harms presented by the Subject UTV, and to provide reasonable means to reduce such risks, dangers and harms.

4.      Polaris failed to exercise reasonable care to prevent the subject Polaris UTV and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

5.      Polaris breached its various duties as set forth in this count.

6.      Polaris's acts of negligence include, but are not limited to, the following:

    a.      Failing to design, engineer, develop, manufacture, fabricate, formulate, assemble, equip, test, inspect, produce, construct, approve, advertise, promote, market, and sell the Subject UTV in accordance with the state of the art in existence at the time it was sold.

    b.      Misrepresentation as to the safety of the Subject UTV when it lacked safety nets.

7.      Polaris knew, or should have known, about these failures, in consideration of the numerous claims made and/or pending, including numerous lawsuits made and/or pending alleging similar incidents.

8.      The factual basis for Polaris's negligence is also further specified in the First Claim for Relief, incorporated herein.

9.      Polaris acted unreasonably in designing, engineering, developing, manufacturing, fabricating, formulating, assembling, equipping, testing, inspecting, producing, constructing, approving, advertising, promoting, marketing, and selling a reasonably safe product, specifically Polaris UTVs such as and including the subject 2019 Polaris RZR XP 4 Turbo, which presented a substantial and unreasonable risk of injury during operation such as that undertook by Plaintiff Aaron Bornfleth.

10. Polaris's negligent acts and omissions were a direct and proximate cause of the injuries and resulting damages to Plaintiff Aaron Bornfleth.

## VI. CLAIM FOR LOSS OF CONSORTIUM

1. Plaintiff Casey Bornfleth claims that at the time of the incident on May 29, 2023, at which time she was a passenger in the Subject UTV being operated by her legal husband of 24 years, she was wrongfully injured by the negligence of Polaris for the defects incorporated herein.

2. Plaintiff Casey Bornfleth further states that as a result of the traumatic event and catastrophic injuries and damages her husband sustained, she was placed in a situation to take care of her husband like a child due to his pain. She suffered depression and anxiety and had to take all responsibility for the family affairs.

3. Additionally, the companionship, connection and affection she shared with husband diminished as a result of his injuries.

4. The uncertainty of his ability to provide financially resulted in her stress and contributed to her depression and anxiety.

5. For the foregoing reasons, Polaris's negligent acts and omissions were a direct and proximate cause of the injuries and resulting damages to Plaintiff Casey Bornfleth.

## VII. CLAIM FOR DAMAGES

1. Plaintiffs hereby adopt, restate, and re-allege each and every paragraph of this Complaint as if fully and completely set forth herein.

2. As a direct and proximate result of Polaris's conduct, more particularly described above, Plaintiffs suffered, sustained, and incurred the following injuries and damages, among others:

    a. Medical and health care expenses in the past;

b.      Medical and health care expenses in the future;

c.      Pain and suffering in the past;

d.      Pain and suffering in the future;

e.      Physical impairment in the past;

f.      Physical impairment in the future;

g.      Disfigurement in the past;

h.      Disfigurement in the future;

i.      Lost wages/loss of earning capacity in the past;

j.      Loss of earning capacity in the future;

k.      Loss of enjoyment of life in the past;

l.      Loss of enjoyment of life in the future;

m.      Expenses for essential services;

n.      Loss of consortium for financial compensation for caring for children, performing household chores;

o.      Loss of duties and services offered by spouse;

p.      Loss of physical affection of spouse;

q.      Attorney's Fees (where recoverable) and Costs; and

r.      Other damages as deemed necessary.

3.      Plaintiffs show damages, injuries and/or losses are within the jurisdictional limits of this Court, and include the above damages, and any other consequential damages foreseeably arising from the incidents in question.

## VIII.   CONDITIONS PRECEDENT

1.      All conditions precedent to the bringing of this action and Plaintiffs' right to the

relief sought herein have occurred, have been performed, or have been excused.

## IX.    DEMAND FOR JURY TRIAL

1.    Plaintiffs hereby request a trial by jury on all issues of fact and have tendered the requisite fee.

WHEREFORE, Plaintiffs, Aaron Bornfleth and Casey Bornfleth demand judgment against Defendant Polaris Industries, Inc., in a reasonable amount to be determined at the trial of this cause, for medical expenses, and other special expenses, for future medical expenses, court costs and all other proper relief in the premises.

Respectfully submitted,

SLAVIK LAW FIRM

 */s/ Donald H. Slavik*

Donald H. Slavik
*dslavik@slavik.us*
Nicole L. Judge
*njudge@slavik.us*
SLAVIK LAW FIRM LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, CO 80487
Phone: (970) 457-1011
Fax:    (267) 878-7697

*Attorneys for Plaintiffs*

## <u>DEMAND FOR JURY TRIAL</u>

COME NOW the Plaintiffs, by counsel, and demand that the Court schedule this matter for trial by jury.

Respectfully submitted,

SLAVIK LAW FIRM

 */s/ Donald H. Slavik*_____
Donald H. Slavik
*dslavik@slavik.us*
Nicole L. Judge
*njudge@slavik.us*
SLAVIK LAW FIRM LLC
3001 South Lincoln Avenue
Suite C-1
Steamboat Springs, CO 80487
Phone: (970) 457-1011
Fax:    (267) 878-7697

*Attorneys for Plaintiffs*